[Crim. No. 3483.   Second Dist., Div. One.   Oct. 24, 1941.]

THE PEOPLE, Respondent, v. OTIS G. WILLIAMS,
Appellant.

Otis G. Williams, *in pro. per.*, for Appellant.

Earl Warren, Attorney General, and R. S. McLaughlin,
Deputy Attorney General, for Respondent.

WHITE, J.—In an information filed by the District At-
torney of Los Angeles County, appellant was charged with
the crime of robbery, and it was also alleged that he had
suffered a prior conviction of a like offense.   To the sub-
stantive offense of robbery as charged in the information
defendant entered his plea of not guilty, and at the com-
mencement of the trial admitted the charged prior conviction
Following waiver of jury, and a trial by the court, defendant
was found guilty of the offense of robbery in the second
degree.   The sentence was imposed accordingly, but by in-
advertence the clerk entered a judgment of robbery in the
first degree.   From the judgment so entered by the clerk
defendant prosecutes this appeal.

With reference to the error appearing in the judgment as
entered by the clerk so far as the degree of the crime was

concerned, when such matter was brought to the attention of the trial court on August 15, 1941, an order *nunc pro tunc* was made as of May 23, 1941, correcting the error. Upon proper notice, this court granted respondent's motion for diminution of the record and ordered the clerk of this court to file the supplemental clerk's transcript containing the *nunc pro tunc* order and corrected judgment.

Stating the facts in the light most favorable to the people, as we are required to do following a guilty verdict or decision, it appears that the victim of the robbery, one Norman Stambler, placed an advertisement in one of the daily newspapers offering his automobile for sale. When he returned to his home on the afternoon of March 1, 1941, defendant was there awaiting him. At that time defendant was introduced to Mr. Stambler and was known to the latter by a name other than that of Williams. The defendant stated to Mr. Stambler that he was employed as a chef on the Union Pacific dining car service and was starting on his run east in a few days and wanted to buy an automobile before he departed. Mr. Stambler and the defendant discussed the price, and the latter expressed a desire to try the car out. Thereupon Mr. Stambler and the defendant drove around the block, when the defendant advised Mr. Stambler that he wanted to show the car to his wife before closing the deal. They got in the car again and defendant drove to the vicinity of 25th and Central Avenue, where he left the car for a few moments. On his return he drove the car in company with Mr. Stambler to the vicinity of 45th and Central Avenue, where he parked the same in the rear of an automobile accessory store. At that time defendant asked Mr. Stambler how much money he had on him, and at this time defendant had his right hand in his coat pocket "with the hand and coat pulled forward in a protruding manner." When Mr. Stambler stated that he had nine dollars, the defendant ordered him to "hand it over." Believing the defendant to be armed, and being in fear, Mr. Stambler delivered the nine dollars to defendant, who thereupon got out of the car and disappeared down the alley. He was arrested a few days later after Mr. Stambler had recognized his picture at police headquarters and had identified him at a police show-up.

At the time of his arrest defendant denied that he knew a Mr. Stambler or that he had ever been at Stambler's home. He further denied that he ever knew of or saw a newspaper advertisement concerning the sale of Mr. Stambler's automobile; but nevertheless the officers took such a newspaper clipping out of defendant's pocket. At the trial, however, appellant admitted that he went to Mr. Stambler's home after reading the advertisement and was talking with Mrs. Stambler when her husband arrived. Defendant further testified that he and Mr. Stambler got in the car and drove around; that during the ride defendant got out of the car and went into a store where he owed a bill; that when he was advised as to the balance due on his bill he discovered he did not have sufficient money to pay it; that he returned to the car and said to Mr. Stambler, "Can you lend me some money until we get to the house and I will repay you?" to which, according to defendant, Mr. Stambler replied, "How much do you need?" whereupon defendant said, "I need $22.00." According to the defendant, Mr. Stambler replied that he had only eight dollars, whereupon the defendant asked Mr. Stambler to lend him that amount until he got over to the defendant's home. According to defendant's testimony, Mr. Stambler handed him the money, and he went back and paid the bill; that they then drove to the rear of the accessory store, and defendant went into his house; but that when he returned Mr. Stambler had departed in the automobile.

The sole ground urged by appellant for reversal of the judgment is that the evidence as to whether he robbed Mr. Stambler or merely borrowed some money was in conflict, and the court should therefore have found him not guilty. This contention is grounded upon the claim that where circumstantial evidence is relied upon for conviction not only must the prosecution show a set of circumstances consistent with guilt, but such circumstances must also be inconsistent with any theory or hypothesis of innocence. Appellant's contention is without merit. The rule stated by him is not applicable to the facts of this case, for the reason that the same does not turn upon circumstantial evidence, but the conviction is predicated upon the direct and positive testimony of Mr. Stambler that appellant robbed him. No citation of authority is required for the statement that it was

for the trial court to determine the credibility of the witnesses and the intrinsic value and weight of the conflicting evidence.

The clerical error made by the clerk in the judgment having been corrected by the trial court in the *nunc pro tunc* order aforesaid to make the judgment speak the truth, and the evidence being sufficient to establish the defendant's guilt, it is ordered that the judgment, as corrected, be and it is affirmed.

York, P. J., and Doran, J., concurred.